| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

American Guarantee  
& Liability Insurance Company, §  
　　　　Plaintiff, §  
versus §　　　　Civil Action H-13-2665  
James Cerks, *et al.*, §  
　　　　Defendants. §

## Opinion on Summary Judgment

1. *Introduction.*

    A lawyer bought malpractice insurance that does not cover claims arising from his business ventures – as opposed to his legal practice. His business partner sued him, and his insurer has thus far defended him. The insurer wants a declaration that it is not obliged to defend or indemnify him, his businesses, or his business partner. It is not.

2. *Background.*

    In 2001, James Cerks and Stewart Skloss formed a partnership to develop land. A third partner, David Thomas, joined in 2003. Thomas raised funds, Skloss developed business, and Cerks advised the partnership about financial and legal matters.

    In 2006, Skloss issued promissory notes in favor of Cerks, who had prepared the notes, to cover his share of the venture's expenses. Skloss – the debtor – says that Cerks – his creditor – did not disclose that they had adverse interests.

    In 2013, Cerks and Thomas sued Skloss to collect on the notes. Skloss counterclaimed. He says that Cerks abused his position as the only partner with legal training and that Cerks breached fiduciary duties owed to him.

    American Guarantee & Liability Insurance Company has been defending Cerks and Thomas in the underlying lawsuit, but it has reserved its right to withdraw its representation. In this lawsuit, American Guarantee has requested a declaration that (a) it is not obliged to defend or indemnify them; and (b) it has not breached the policy.

3. *Capacity.*

The policy excludes "any Claim based upon or arising out of, in whole or in part ... the insured's capacity or status as ... an officer, director, partner ... of a business enterprise."

Skloss's claim against Cerks and Thomas arises from their partnership. If not for their joint venture to develop land, the underlying dispute would not exist. Cerks cannot convert his malpractice insurance into a general-liability policy for his side ventures.

Cerks says that American Guarantee must defend and indemnify him because Skloss's claim arises from legal advice about promissory notes. It does not. He was Skloss's business partner, not his lawyer. Skloss did not hire Cerks as his attorney. Cerks's attempts to collect money were about their business, not the law.

Because of Cerks's position as a partner, the policy does not cover this claim. American Guarantee has no duty to defend and indemnify Cerks, his businesses, and his business partner.

4. *Business Enterprise.*

The policy excludes "any Claim based upon or arising out of, in whole or in part ...the alleged acts or omissions by any Insured ... for any business enterprise ... in which any Insured has a Controlling Interest."

A controlling interest is: (a) the right to own more than 10% of a company, (b) vote more than 10% of the stock, (c) elect 10% or more of the directors, (d) receive 10% or more of the profits, or (e) act as general partner.

Cerks has a controlling interest in the joint venture. He owns more than 10% of it, receives more than 10% of the profit, and acts as a general partner. The policy excludes claims from a venture like this, expressly. American Guarantee is not obliged to defend him.

5. *Timing.*

If Cerks knew or should have known that he had breached a professional duty before the inception of the policy, he is not covered. The policy does not cover losses that the insured knows are coming.

Cerks, Skloss, and Thomas worked as partners from roughly 2001 to 2011 – well before the period of this policy. American Guarantee says that Cerks knew when he bought its insurance that he had breached his *assumed* duties to Skloss, so it is not obliged to cover him.

The insurer has not said that Cerks bought its insurance after Skloss threatened to sue him. It does not even take a position on whether his disclosures were improper. It says only that

Texas has a disciplinary rule requiring attorneys to explain agreements in a way that their clients can understand.

An abstract rule about plain disclosures does not alert an attorney that particular disclosures of his were faulty. The rule is too imprecise to notify well-intentioned lawyers who run afoul of it while trying to explain complicated matters.

6. *Breach of Contract.*

American Guarantee has thus far defended Cerks and Thomas against Skloss's counterclaims. Because it thought it was not obliged to defend them, it did so while reserving its right to withdraw its representation.

The law allows an insurer to determine whether coverage exists by seeking a prompt resolution through a declaratory judgment. That is exactly what American Guarantee has done. It has not breached its policy.

7. *Conclusion.*

America thrives because of diligent people like Cerks who seek multiple opportunities and work at them. Insurance from one job – his law practice – does not apply to his other business ventures.

He was free to buy more or less insurance. He chose a policy that excluded losses from business ventures. American Guarantee & Liability Insurance Company will not be obliged to defend or indemnify James Cerks, James A. Cerks & Associates, Inc., Stewart Skloss, David Thomas, 816WM Limited, and HWY36, LLC.

Signed on August 15, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge